UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                Case No. 07-CR-20119
vs.                           HON. GEORGE CARAM STEEH

RIKKI MANNING D-3,

        Defendant.
_____/

ORDER DENYING MOTION FOR DISCOVERY (#89),
DENYING MOTION FOR ORDER DIRECTING GOVERNMENT TO PRODUCE
WITNESS STATEMENTS PRIOR TO TRIAL (#88), AND
DENYING DEFENDANT APRIL MANNING'S JOINDERS IN THE MOTIONS (#90, #91)

Defendant Rikki Manning moves for pre-trial discovery of various materials including Brady[1] materials, all exculpatory or impeaching evidence in the government's possession, and materials subject to disclosure under Federal Rule of Criminal Procedure 16(a)(1). In a separate motion, Manning moves for production of Jencks Act[2] materials or, alternatively, for a list of government witnesses who will testify during the government's case-in-chief, an exhibit list of documentary evidence, and any proposed charts or summaries.

Brady did not create a constitutional right to pre-trial discovery in a criminal proceeding. United States v. Presser, 844 F.2d 1275, 1284 (6th Cir. 1988). The Jencks Act provides in pertinent part:

> (a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a). With respect to impeachment material:

> . . . . [T]he government cannot be compelled to disclose impeachment material which would be covered by the Jencks Act relating to any potential

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

[2] 18 U.S.C. § 3500.

government witness, whether it be a witness in the case-in-chief or a rebuttal witness. Further, the government need not disclose impeaching material in its possession relating to any potential defense witness where that impeaching material does not meet the Brady test of being material and exculpatory.

Presser, 844 F.2d at 1284. "So long as the defendant is given impeachment material, even exculpatory impeachment material, in time for use at trial, we fail to see how the Constitution is violated." Id.

The government responds to Manning's motions stating it recognizes its discovery obligations and has provided all discovery materials to defense Counsel as well as contact information for the assigned case agent. The court is satisfied that the government has met its pre-trial disclosure obligations to date. Presser, 844 F.2d at 1284; 18 U.S.C. § 3500(a). Manning's request for an "automatic" continuance after each government witness testifies is without basis. Manning's characterization of this case as complex does not warrant compelled pre-trial disclosure of a government witness list, exhibit list, or proposed charts or summaries. Accordingly,

Rikki Manning's motions for discovery and pre-trial disclosure of witness statements are hereby DENIED.

SO ORDERED.

Dated: November 29, 2007

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 29, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk